UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GERONIMO SAENZ, TDCJ # 537493, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action |
| | § | No. SA-7-CA-1036-NSN |
| SHERIFF BOB HOLDER, ET AL., | § | |
| | § | |
| Defendants | § | |

# M E M O R A N D U M   D E C I S I O N

Before the Court is Plaintiff Geronimo Saenz' 42 U.S.C. § 1983 Civil Rights Complaint (Docket Entry # 2) and Defendants' Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies (Docket Entry # 27). This Memorandum Decision is entered pursuant to 28 U.S.C. § 636(c) and the consent of the parties. (*See* Docket Entries ## 6, 16, 19.)

Plaintiff Saenz is a prisoner in the custody of the Comal County Jail. His § 1983 Complaint alleges: Dr. Campos failed to prescribe him medication; the jail authorities denied him physical therapy prescribed for his shoulder by his treating physician; he was assigned to an upper bunk despite his shoulder injury; he was assigned to administrative segregation; he has limited access to the law library; and he was denied treatment for a broken tooth. Defendants' motion for summary judgment seeks dismissal of Saenz' Complaint pursuant to 42 U.S.C. § 1997e(a) for Saenz' failure to exhaust his available Comal County Jail administrative remedies.

A party is entitled to summary judgment pursuant to Fed. R. Civ. P. 56(c) where the record shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A party against whom summary judgment is sought may not rest on the allegations or denials of his pleadings, but must come forward with sufficient evidence to demonstrate a "`genuine issue

for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute concerning a material fact is "genuine" and sufficient to overcome a summary judgment motion "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When presented with a motion for summary judgment a plaintiff must present evidence in support of his claims, and incompetent, subjective, or conclusory sworn allegations are not sufficient to meet this burden. *See Hall v. Thomas*, 190 F. 3d 693, 696 (5th Cir. 1999) ("[a prisoner's] subjective complaints, unsupported by evidence, are insufficient to defeat . . . summary judgment"); *Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F. 3d 319, 324 (5th Cir. 1998) (affidavits stating legal conclusions without reference to material facts are not competent); *Orthopedic & Sports Injury Clinic v. Wang Lab., Inc.*, 922 F. 2d 220, 225 (5th Cir. 1991) (affidavits setting forth "ultimate or conclusory facts and conclusions of law" not competent). Summary judgment may be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Section 1997e(a) provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion regardless of the relief sought as long as the grievance tribunal has authority to take some responsive action. *Booth v. Churner*, 531 U.S. 731, 740-41, 121 S. Ct. 1819, 149 L .Ed. 2d 958 (2001). To exhaust administrative remedies prisoners

must properly exhaust their institutional administrative remedies in conformance with those procedures adopted by the particular institution. *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 2382, 165 L. Ed. 2d 368 (2006). Where a prisoner fails to exhaust his administrative remedies before bringing such a suit, the complaint may be "dismissed with prejudice for purposes of proceeding [in forma pauperis]." *Underwood v. Wilson*, 151 F. 3d 292, 296 (5th Cir. 1998).

Comal County Jail has a two-step grievance procedure: inmates may file a grievance by submitting an inmate service request form to the administrative sergeant stating the basis of the grievance, the time and date of the incident, the persons involved, and witnesses; within seven days of receiving the administrative sergeant's decision an inmate may appeal that decision to the jail administrator. The record shows Plaintiff Saenz failed to file any grievances addressing the claims in his civil rights complaint before filing this civil rights suit, and thus he failed to exhaust his administrative remedies before bringing this suit. Filing grievances after filing a civil rights action is not sufficient. *See Underwood v. Wilson*, 151 F. 3d at 296. Furthermore, the record shows after filing this suit Saenz filed a grievance complaining about his assignment to administrative segregation, however he failed to file grievances addressing his other claims, and he failed to appeal the denial of his grievance relating to his assignment to administrative segregation; thus he failed to exhaust his administrative remedies. Plaintiff Saenz failed to present any competent evidence to oppose Defendants' summary judgment motion, and thus there is no material issue of fact and Defendants are entitled to judgment as a matter of law.

Defendants' Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies (Docket Entry # 27) is **GRANTED**, and Plaintiff Saenz' § 1983 Complaint (Docket Entry # 2) and this case are **DISMISSED WITH PREJUDICE** for purposes of proceeding

in forma pauperis for failure to exhaust his administrative remedies pursuant to § 1997e(a).  All other pending motions are **DENIED** as moot.

**SIGNED on April 28, 2008.**

_____
**NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE**